## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONNIE SASSER,<br><br>     Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>     Defendant. | Case No. 21-CIV-125-RAW |

### ORDER

Before the court is the Defendant Walmart Inc.'s Motion for Summary Judgment [Docket No. 43].   Plaintiff brought this personal injury action as a result of a slip and fall incident occurring at the Walmart in Ardmore on March 1, 2019.   Defendant filed its motion asking the court to grant summary judgment with respect to Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure stating that there is no genuine dispute of material fact and that the defendant is entitled to judgment as a matter of law.

Plaintiff was shopping at the Walmart in Ardmore when she allegedly tripped over the cover of a refrigeration unit laying on the floor in an aisle to which it had fallen from a nearby unit. Presumably, it was not supposed to be there.   Several Walmart employees were within close proximity to the unit cover during the minutes following the unit cover falling off.   Defendant has policies and procedures which require workers to conduct safety sweeps, monitor their area, and pick up debris on the floor anytime they see it.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Rule 56(a) F.R.Cv.P.   The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 249 (1986).   An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.   An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim.   *J.V. v. Albuquerque Public Schs.*, 813 F.3d 1289, 1296 (10th Cir. 2016).   When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party.   *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015).

Defendant's Motion asks the court to grant summary judgment with respect to Plaintiff's claims stating there is no genuine dispute of material fact.   Defendant avers that the danger was open and obvious and as a result it had no duty to warn Plaintiff (an invitee) of the hazard.  Whether a danger is open and obvious is typically a question of fact for the jury. *Gregory v. Creekstone Farms Premium Beef, LLC,* 728 Fed.Appx. 824 (10th Cir. 2018) (citing *Sholer v. ERC Mgmt. Grp., LLC,* 256 P.3d 38, 44 (Okla. 2011).   Further, an invitor has a "duty to warn the invitee of any danger thereon of which the owner knows, or ought to know, and which is unknown to the invitee." *Dover v. W.H. Braum, Inc.,* 111 P.3d 243, 245 (Okla. 2005) (citing *Beatty v. Dixon*, 408 P.2d 339, 342 (Okla. 1965).   Considering the Walmart policy mandating workers remove debris, and the fact that there were workers in the area, it follows that the Walmart workers, like Plaintiff, did not observe the unit cover either.   Thus, questions of fact exist regarding whether the hazard was open and obvious and whether Walmart exercised reasonable care.

Accordingly, the court finds that summary judgment is not proper pursuant to Rule 56(a) F.R.Cv.P. and Defendant's Motion [Docket No. 43] is hereby denied.

Dated this 2nd day of August, 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA